UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| MIN LI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No.: 4:24cv59 |
| | ) |
| ALONZO LONNIE BRISTOL, III, | ) |
| | ) |
|     Defendant. | ) |

## ORDER and
## REPORT AND RECOMMENDATION

Defendant Alonzo Lonnie Bristol, III's, ("Defendant") Motion to Stay Discovery, ECF No. 24, is before the Court. Therein, Defendant requests that the Court stay discovery, arguing that the case "was initiated for an improper purpose, causing undue expenses and time burdens on Defendant." ECF No. 24 at 2. Defendant avers that Plaintiff Min Li is utilizing this lawsuit as a means to obtain discovery she was denied in the parties' state court divorce proceeding. *Id.* at 1-2. Defendant requests the following relief:

> that discovery in this matter be stayed, that appropriate sanctions be imposed against Plaintiff, and that this matter be dismissed with prejudice. Alternatively, Defendant requests that a protective order be entered to prevent any information and/or documents obtained via this proceeding to be used for any other purpose, that the scope of discovery be sufficiently narrowed, and that this Court determine whether current counsel for Plaintiff has a conflict of interest in representing her in the instant litigation.

*Id.* at 3. Plaintiff filed an opposition, ECF No. 25, and Defendant replied, ECF No. 26. The Court held a hearing on the Motion to Stay Discovery on May 5, 2025.[1]

---

[1] At the same time, the Court heard argument on Plaintiff's related Motion to Compel Discovery Responses and Defendant's Deposition, ECF No. 20.

For the reasons stated on the record, Defendant's Motion to Stay Discovery is **DENIED**. The gravamen of Plaintiff's Complaint is that she was subject to unlawful wiretapping by her estranged husband, in violation of 18 U.S.C. §§ 2510, 2511, and 2520, and Va. Code § 19.2-62. ECF No. 1 at 12–15. The District Judge here previously ruled that Plaintiff stated a plausible claim for relief in denying Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). ECF No. 14. Notably, merely because the same parties are engaged in a state-court divorce proceeding where some of the same issues may be contested does not render discovery of those issues in this case improper or objectionable. As with any civil litigation in this Court, parties are entitled to engage in the discovery process in accordance with the Federal Rules of Civil Procedure.

Although the Court has denied the Motion to Stay Discovery, as noted above, Defendant has sought further relief in addition to a stay, including dismissal of the case, or, alternatively, a protective order barring use of discovery in the state court action, and determination of a potential conflict of interest with respect to Plaintiff counsel's participation in the case. ECF No. 24 at 3. None of these requests for relief are proper remedies that flow from a Motion to Stay Discovery, and Defendant offers no authority to support his decision to include them. *See* Local Civ. R. 7(F)(1) (Requiring all motions, other than a few limited exceptions, to "be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies."). He merely attaches requests for additional relief that are unrelated to the stay of discovery, including a request that the case be dismissed, to an otherwise non-dispositive motion. *See Rivera-Torres v. Ruiz-Vale*, No. 13-1684, 2016 WL 3962904, at *4 (D.P.R. July 21, 2016) (Finding that a party "concealed [a request for dismissal] in a non-dispositive motion whose title and content do not invite an opposing party's

response" and that doing so violated the local civil rule requiring that parties cite supporting authorities).

Having denied the Motion to Stay Discovery, the Court further **DENIES** Defendant's request for a protective order and his request to have the Court determine whether a potential conflict of interest exists. However, Defendant's request that the case be dismissed in the alternative to a stay implicates the potential for granting or denying a dispositive motion. Pursuant to Federal Rule of Civil Procedure 72(b), a United States Magistrate Judge must enter a recommended disposition of any dispositive motions. Since Defendant's request that the Court dismiss the case with prejudice as an alternative to granting the Motion to Stay Discovery would be dispositive of the case, for the reasons stated above and on the record at the hearing, the undersigned **RECOMMENDS** that Defendant's alternative request that the case be dismissed with prejudice be **DENIED**.

## REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections **to the recommendation that the case not be dismissed** within fourteen (14) days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the

3

above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
May 6, 2025