**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

MIN LI,

Plaintiff,

v. Action No. 4:24cv59

ALONZO LONNIE BRISTOL, III,

Defendant.

**OPINION AND ORDER**

On July 2, 2026, counsel for plaintiff, John S. Wilson, Esq., filed a motion, with a supporting memorandum, seeking to withdraw from representation. ECF Nos. 139–40. As those filings contained no indication whether they were served on plaintiff, on July 8, 2026 the Court ordered attorney Wilson to provide plaintiff with copies of the same, along with the Court's orders from June 9 and July 8, 2026, and to file a notice reciting the means by which plaintiff received them. ECF No. 141, at 1. On July 8, 2026, attorney Wilson filed a notice documenting that plaintiff had been provided with copies of such documents, including the motion to withdraw from representation. ECF No. 142. On August 3, 2026, a new attorney, James S. McNider, III, Esq., noticed his appearance as counsel for plaintiff. ECF No. 143. Attorney McNider also filed a response to the motion to withdraw. ECF No. 144. Although the Court previously indicated that a hearing may be necessary to address attorney Wilson's motion to withdraw due to plaintiff's possible *pro se* status, *see* ECF No. 127, at 12, as new counsel has appeared and plaintiff has received notice of the motion to withdraw, a hearing is unnecessary. For the reasons

stated below, the Court **GRANTS** the motion to withdraw, ECF No. 139. As a result, the ensuing motion to strike portions of plaintiff's response to the motion to withdraw, ECF No. 145, is **DENIED as moot.**

## DISCUSSION

### *A. The authorities pertaining to attorney Wilson's request to withdraw from representation.*

Local Civil Rule 83.1(J) provides that the Rules of Professional Conduct adopted by the Supreme Court of Virginia supply the ethical standards for the practice of law in civil cases before the Court. E.D. Va. Loc. Civ. R. 83.1(J). Local Civil Rule 83.1(H) provides that attorneys who have entered an appearance in a civil case shall not be permitted to withdraw, absent approval by court order and "after reasonable notice" to the client. E.D. Va. Loc. Civ. R. 83.1(H).

Rule 1.16 of the Virginia Rules of Professional Conduct addresses the circumstances under which an attorney may seek to withdraw from representing a client. Va. Sup. Ct. R. Pt. 6, Sec. II, R. 1.16(c). Rule 1.16(b) permits a lawyer to withdraw in certain specified circumstances, including: (1) a client's substantial failure to fulfill an obligation to the lawyer relating to the services provided, when the client has received reasonable advance warning that failure to remedy the matter will cause the lawyer to seek to withdraw; and (2) for other good cause shown.[1] Va. Sup. Ct. R. Pt. 6, Sec. II, R. 1.16(b).

"Courts in the Fourth Circuit generally allow legal counsel to withdraw where there is a breakdown in the attorney-client relationship." *In re Schley*, No. 09-34182, 2012 WL 1616817, at

[1] These bases for withdrawal permit, rather than require, counsel to withdraw. *See* Va. Sup. Ct. R. Pt. 6, Sec. II, R. 1.16(a)–(b).

*2 (Bankr. E.D. Va. May 9, 2012); *see also NGM Ins. Co. v. Secured Title & Abstract, Inc.*, No. 3:07cv536, 2008 WL 1826032, at *1 (E.D. Va. Apr. 23, 2008) (noting that unpaid fees standing alone failed to justify withdrawal, but granting the request upon finding that an impasse existed in "necessary communication and cooperation between counsel and client that preclude[d] effective representation").

### *B. The Court exercises its discretion to permit attorney Wilson to withdraw from representing plaintiff.*

The information presently before the Court indicates that plaintiff engaged attorney Wilson to represent her in conjunction with this litigation in 2024. ECF No. 139, at 1. Further, attorney Wilson has represented to the Court that there now exists a fee dispute between plaintiff and attorney Wilson. ECF No. 140, at 1. Information provided by plaintiff's new lawyer, attorney McNider, confirms the existence of that fee dispute. ECF No. 144, at 3. Although plaintiff's response to the motion to withdraw, filed by attorney McNider, purports to address sundry other matters, it is unmistakably clear that plaintiff has no desire to continue any attorney-client relationship with attorney Wilson. *See*, *e.g.*, *id.* at 8 (reciting that "plaintiff implores the Court to remove Mr. Wilson as her attorney of record in this litigation"). Further, the response to the motion to withdraw also indicates beyond any doubt that the relationship between plaintiff and attorney Wilson has irreparably broken down. *See id.* at 3–8.

Based on the foregoing, the Court exercises its discretion to grant attorney Wilson's request to withdraw from further representation of plaintiff. This action is necessary and appropriate because there exists a genuine issue about whether plaintiff has failed substantially to fulfill an obligation to attorney Wilson concerning his services. Beyond the fee dispute, there exists a

breakdown in the attorney-client relationship. Due to these problems, good cause exists to permit attorney Wilson to withdraw. As the Court has determined that plaintiff and defendant have settled their dispute, and as new counsel has appeared for plaintiff to deal with any post-settlement issues, the withdrawal of attorney Wilson can be accomplished without materially, adversely affecting plaintiff's interests. Finally, plaintiff received advance notice of the motion to withdraw and has agreed to the ultimate relief sought.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that:

(1) The motion to withdraw from representing plaintiff filed by attorney Wilson and his law firm, ECF No. 139, is **GRANTED** for good cause shown pursuant to Va. Sup. Ct. R. Pt. 6, Sec. II, R. 1.16(b)(4) and (b)(6);

(2) The Clerk is **DIRECTED** to update the docket sheet to reflect that attorney Wilson no longer represents plaintiff;

(3) The motion to strike or disregard improper portions of the plaintiff Li's response to the motion to withdraw, ECF No. 145, is **DENIED as moot**;

(4) Attorney Wilson shall file any application for his fees and costs, with supporting documents including engagement/fee agreements, supporting billing records and summaries of the same, and affidavits (including affidavits from local attorneys pertaining to, among other things, whether the fees sought align with the rates prevailing in the community for similar services by lawyers of comparable skill, etc.), and a legal memorandum addressing issues regarding his entitlement to any fees and costs by **September 11, 2026**. To the extent appropriate, counsel

should address factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) to explain the reasonableness of his request for fees and costs;

(5) Plaintiff shall file a response to attorney Wilson's application for fees and costs, addressing as appropriate the *Robinson* factors and including any supporting cases, documents, and affidavits by **October 2, 2026**; and

(6) Attorney Wilson shall file any reply to the response by **October 12, 2026**.

The Court **REMINDS** all counsel that they are expected to meet and confer to minimize the filing of frivolous and/or unnecessary motions and responses and to work together to narrow any areas of disagreement and to bring this matter to an expeditious conclusion. Counsel must comport themselves and present their positions consistent with the standards of civility and professionalism expected of members of bar of this Court. Failure to do so will not be tolerated.

The Clerk shall forward a copy of this order to attorney Wilson and all counsel of record.

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
August 14, 2026